**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**SANDRA LEE BROWN,**

                **Plaintiff,**                  **3:12-cv-243
(GLS)**

          v.

**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

                **Defendant.**
_____

**APPEARANCES:**                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Drake, Loeb Law Firm              GARY J. GOGERTY, ESQ.
555 Hudson Valley Avenue
Suite 100
New Windsor, NY 12553

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN     BENIL ABRAHAM
United States Attorney             Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe
Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Sandra Lee Brown challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g).  (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Brown's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II. Background

On September 16, 2009, Brown, who suffers from, among other things, mild traumatic brain injury, filed an application for DIB under the Social Security Act ("the Act"), alleging disability since June 3, 2003.  (*See* Tr.[1] at 21, 87, 124-30.)  After her application was denied, (*see id.* at 101-06), Brown requested a hearing before an Administrative Law Judge (ALJ), which was held on April 28, 2011.  (*See id.* at 47-86, 90-91.)  On June 3, 2011, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review.  (*See id.*

---

[1] Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 7.)

at 1-6, 16-28.)

Brown commenced the present action by filing her Complaint on February 8, 2012 wherein she sought review of the Commissioner's determination. (*See generally* Compl.) The Commissioner filed an answer and a certified copy of the administrative transcript. (*See* Dkt. Nos. 6, 7.) Each party, seeking judgment on the pleadings, filed a brief. (*See* Dkt. Nos. 9, 11.)

### III. Contentions

Brown contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence. (*See* Dkt. No. 9 at 12-24.) Specifically, Brown claims that the: (1) ALJ erred in assessing her credibility and failed to evaluate her subjective complaints of pain; (2) residual functional capacity (RFC) determination is not supported by substantial evidence; (3) ALJ failed to consider the opinions of treating chiropractors; and (4) step four determination that she could perform her past relevant work is not supported by substantial evidence. (*See id.*) The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence. (*See* Dkt. No. 11 at 5-15.)

### IV. **Facts**

The court adopts the parties' undisputed factual recitations. (*See* Dkt. No. 9 at 5-12; Dkt. No. 11 at 1-2.)

### V. **Standard of Review**

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

### VI. **Discussion**

#### A. **Credibility Determination**

Brown first alleges that the ALJ erred in evaluating her credibility. (Dkt. No. 9 at 12-15.) This argument is two-fold: first, Brown contends that the ALJ erred by comparing her statements to the RFC determination; and second, the ALJ failed to consider the factors set forth in 20 C.F.R. § 404.1529(c) as well as her strong work history. (*See id.*) In opposition, the Commissioner claims, and the court agrees, that the ALJ thoroughly

4

evaluated Brown's subjective complaints of pain in light of the entire record, and considered the appropriate factors in finding her allegations of disability not fully credible. (*See* Dkt. No. 11 at 7-10.)

An ALJ must consider a claimant's subjective complaints of limitations resulting from her impairments, including those from pain, in gauging her RFC. *See* 20 C.F.R. § 404.1545(a)(3). However, "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." 42 U.S.C. § 423(d)(5)(A). The Commissioner is obligated to evaluate all of a claimant's symptoms, "including pain, and the extent to which [those] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(a).

Ultimately, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p, 61 Fed. Reg. at 34,485-86. Thus, "after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility," an ALJ may reject the claimant's subjective allegations regarding limitation as long as he sets forth his "reasons with sufficient specificity to enable [the court] to decide whether the determination is

supported by substantial evidence." *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (internal quotation marks and citation omitted).

Here, the ALJ determined that Brown's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not credible to the extent they are inconsistent with the [RFC] assessment." (Tr. at 22.) Brown argues that the ALJ impermissibly determined her RFC first, and then used that RFC to evaluate the consistency of her subjective complaints. (*See* Dkt. No. 9 at 14-15.) It is clear, however, that the ALJ undertook a detailed credibility analysis, and that his reference to consistency with the RFC determination to which Brown objects was merely an indication that the RFC determination incorporated those findings. (*See* Tr. at 22-23.) Indeed, the ALJ considered the objective medical evidence, treatment notes from Brown's health care providers, her activities of daily living, and the medication and other treatment she received for her symptoms. (*See id.*) Despite the ALJ's failure to explicitly mention Brown's work history prior to the motor vehicle accident in June 2003 in which she alleges she sustained her disabling impairments, the ALJ's credibility finding, which considered the record evidence and appropriate factors, is amply supported. *See* 20 C.F.R. § 404.1529(c).

(*See* Tr. at 55-56.)

## B. RFC Determination

Next, Brown claims that the RFC determination is infirm as there is no medical source statement to support it, specifically, the conclusion that she can lift up to fifty pounds at a time and frequently lift or carry up to twenty-five pounds. (*See* Dkt. No. 9 at 15-20.) The court disagrees.

A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence[2] in the record. *See Frye ex rel. A.O. v. Astrue*, No. 11-1585-cv, 2012 WL 2125910, at *2 (2d. Cir. June 13, 2012). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *see also Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

In this case, the ALJ found that Brown retained the RFC to perform "medium but not heavy" work. (Tr. at 23.) Medium work requires the ability

---

[2] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

to lift "no more than [fifty] pounds at a time with frequent lifting or carrying of objects weighing up to [twenty-five] pounds." 20 C.F.R. § 404.1567(c). Although Brown correctly notes that the record does not contain a medical source statement positing the amount of weight she can lift or carry, (*see* Dkt. No. 9 at 16), "'where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment,'" *Walker v. Astrue*, No. 08-CV-0828, 2010 WL 2629832, at *7 (W.D.N.Y. June 11, 2010) (quoting *Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 17 (1st Cir. 1996)).

Here, the medical evidence of record supports the ALJ's determination that, during the relevant time period—*i.e.*, between June 3, 2003 and December 31, 2008—Brown could perform medium work. (*See* Tr. at 21, 23.) Specifically, in October 2003, an MRI of her brain showed no acute abnormality. (*See id.* at 236, 253.) Further, Brown's lab results, chest x-ray, and EKG were normal. (*See id.* at 229, 244.) In December 2003, Brown reported to her physician that her symptoms, including dizziness, lightheadedness, vision problems, and imbalance, had started to resolve and chiropractic treatment had helped relieve 85% of her problems.

(*See id.* at 262.)³ Indeed, Brown treated with various chiropractors subsequent to her car accident, and treatment notes from October 2003 through February 2007 demonstrate that, although periodically worsening, her symptoms greatly improved, with her reporting in October 2004 that her back pain had decreased, neck was feeling well, and headaches were gone. (*See id.* at 315, 317-22, 324-25, 341, 343, 345-47, 365, 372-75, 377-78, 383-88, 390, 392.)

Further, although Brown argues that the worsening of her symptoms began in the winter of 2008, (*see* Dkt. No. 9 at 18-19; Tr. at 980), she has repeatedly reported a significant increase in her symptoms beginning in the winter of 2009, after her date last insured. (*See* Tr. at 146, 890.) In any event, even after this alleged worsening of symptoms, Brown's treating physician noted that she was able to maintain independence in all basic self-care, child-care, and household chores, enjoyed outdoor recreation such as riding four-wheelers or snowmobiles, and complained of fatigue and the worsening of other symptoms "after heavy exercise." (*Id.* at 890.) In addition, her symptoms were greatly improved with low-dosage

---

³ Notably, treatment records at this time also state that Brown was working full time. (*See* Tr. at 262).

medication and she exhibited no significant deficits in strength, coordination, or balance. (*See id.* at 888-89.) Finally, in March 2009 a CT-scan of Brown's brain was negative, chest x-rays were normal, and an MRI of her brain was normal. (*See id.* at 418-20.)

Lastly, Brown takes exception with the ALJ's failure to explicate his assessment of her abilities on a function-by function basis. (*See* Dkt. No. 9 at 19); *see* 20 C.F.R. § 404.1545(b); *Crysler v. Astrue*, 563 F. Supp. 2d 418, 436 (N.D.N.Y. 2008). Although the ALJ could have provided further clarification with respect to Brown's capabilities, as the ALJ's decision examined the relevant factors in reaching an RFC determination—specifically noting her proficient skills in areas such as orientation, language, visual processing speed, and recent memory and reported ability to maintain independence in all activities of daily living—and the ultimate determination was supported by substantial evidence, this shortcoming does not amount to legal error. (*See* Tr. at 23); *see Irizarry v. Astrue*, No. 5:09-cv-1370, 2012 WL 177969, at \*2 (N.D.N.Y. Jan. 23, 2012).

## C. **Weighing Opinion Evidence**

Brown also contends that the ALJ failed to consider the opinions of

chiropractors Susan Harchak, Mark J. Edwards, and Scott Rosa. (*See* Dkt. No. 9 at 20-22.) The Commissioner argues that the ALJ considered the evidence from Brown's treating chiropractors and his determination regarding the weight afforded to Rosa's opinion is supported by substantial evidence. (*See* Dkt. No. 11 at 10-13.) The court again agrees with the Commissioner.

Medical opinions, regardless of the source, are evaluated by considering several factors outlined in 20 C.F.R. § 404.1527(c). Controlling weight will be given to a treating physician's opinion that is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(c)(2); *see Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004). However, opinions from treating sources on issues reserved to the Commissioner, *i.e.*, dispositive issues, are not given "any special significance." 20 C.F.R. § 404.1527(d)(3). Moreover, chiropractors are not "acceptable medical sources" whose medical opinions may be entitled to controlling weight, but rather are considered "other sources" whose opinions "should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file."

11

SSR 06-03p, 71 Fed. Reg. 45,593, 45,594-95 (Aug. 9, 2006); *see* 20 C.F.R. § 404.1513(a), (d)(1); *O'Connor v. Chater*, 164 F.3d 618, 1998 WL 695418, at *1 (2nd Cir. Sept. 25, 1998).

Here, Rosa, who began treating Brown on March 31, 2009, completed a cervical RFC assessment and stated that her impairments "relate to the motor vehicle accident of June 2003 and were of a disabling nature subsequent thereto, and certainly prior to . . . December 31, 2008." (Tr. at 995-1000.) The ALJ "decline[d] to give great weight to his opinion" because Rosa is not an accepted medical source, and, moreover, his opinion regarding the nature and extent of Brown's limitations was unsupported by the medical evidence of record and disproportionate to her activities of daily living. (*Id.* at 23.)

The court first notes that Rosa's opinion that Brown is or was disabled is not determinative. *See Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). In any event, Rosa's opinion is inconsistent with other substantial evidence in the record, and, thus, was properly discounted by the ALJ. *See Halloran*, 362 F.3d at 32. Specifically, medical records from Harchak and Edwards, who treated Brown during the relevant time period, demonstrate that her neck and back pain greatly improved with treatment,

with her frequently reporting only "occasional" and "mild" pain. (Tr. at 373-75, 377, 385-88; *see id.* at 315, 317-22, 324-25, 341, 343, 345-47, 365, 372, 378, 383-84, 390, 392.)  Despite Brown's contentions, the ALJ did consider the treatment records of Harchak and Edwards, and the ALJ's failure to weigh their opinions was due to the fact that neither of these treating sources offered any opinion as to Brown's functional limitations. (*See id.* at 22-23.)  While Harchak noted on insurance forms that Brown was disabled as of August 15, 2003, she also indicated that Brown was not permanently disabled.  (*See id.* at 283.)  In any event, this is an issue reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(d).

Accordingly, the ALJ's assignment of weight and assessment of Brown's RFC are supported by substantial evidence and, thus, affirmed.

### D. <u>Past Relevant Work</u>

Finally, Brown argues that the ALJ's determination that she could perform her past relevant work is not supported by substantial evidence as the ALJ failed to "make a specific and substantial inquiry into the relevant physical and mental demands associated with" such work.  (Dkt. No. 9 at 23.)  Further, Brown claims that, as she suffers from significant nonexertional impairments, the ALJ should have consulted a vocational

13

expert to determine if she was capable of her past relevant work. (*See id.* at 24.) This argument is also unavailing.

"[I]n the fourth stage of the SSI inquiry, the claimant has the burden to show an inability to return to her previous specific job and an inability to perform her past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003). In other words, a claimant is not disabled if she can perform her past relevant work, either as she actually performed it, or as it is generally performed in the national economy. *See* SSR 82-61, 1982 WL 31387, at *2 (1982); *Jock v. Harris*, 651 F.2d 133, 135 (2d Cir. 1981). "'[I]n order to determine at step four whether a claimant is able to perform her past work, the ALJ must make a specific and substantial inquiry into the relevant physical and mental demands associated with the claimant's past work, and compare these demands to the claimant's residual capabilities.'" *Kochanek v. Astrue*, No. 08-CV-310, 2010 WL 1705290, at *11 (N.D.N.Y. Apr. 13, 2010) (quoting *Kerulo v. Apfel*, No. 98 CIV. 7315, 1999 WL 813350, at *8 (S.D.N.Y. Oct. 7, 1999)).

In this case, the ALJ found that Brown could perform the work of a secretary, paralegal, or daycare provider as it is generally performed. (*See* Tr. at 24.) Indeed, according to the Dictionary of Occupational Titles the

14

positions of paralegal and day care worker are customarily performed at light exertional levels, while the position of secretary is generally performed at a sedentary level. *See* Dictionary of Occupational Titles, Code 119.267-026, 1991 WL 647027 (4th ed., 1991); Dictionary of Occupational Titles, Code 201.362-030, 1991 WL 671672 (4th ed., 1991); Dictionary of Occupational Titles, Code 359.677-018, 1991 WL 672970 (4th ed., 1991). Thus, even if Brown cannot perform her past relevant work as she actually performed it, this does not render the ALJ's analysis defective.

Brown also argues that she suffers from significant nonexertional impairments and, as such, testimony from a vocational expert was required to determine whether she was capable of performing her past relevant work. (*See* Dkt. No. 9 at 24.) However, for the reasons stated above, the ALJ's overall assessment of Brown's RFC, which did not include any nonexertional limitations, is supported by substantial evidence and in accord with applicable law. While Brown suffers from traumatic brain injury and neck pain, the medical assessments and clinical findings demonstrate a mild overall presentation and significant improvement sufficient to support the ALJ's determination in this case. (*See id.* at 229, 244, 253, 262, 315, 317-22, 324-25, 336, 341, 343, 345-47, 365, 372-75, 377-78, 383-88, 390,

392, 418-20, 888-90.); *cf. Kochanek*, 2010 WL 1705290, at *11. For this reason, the court finds no reversible error with regard to either the ALJ's assessment of an ability to perform medium work or his finding that Brown could perform the work of a day care provider, secretary, or paralegal as it is generally performed in the economy. (*See* Tr. at 21-24.)

## E. Remaining Findings and Conclusions

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Brown's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 25, 2013
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court